I acknowledge, I have felt a serious difficulty. On the one hand, such a course seems, in some sense. to be obnoxious to the objection that the court was thus taking jurisdiction between parties indirectly, which they could not take directly. On the other, the inconveniences of a contrary course are so great, that the argument, ab inconvenienti, presses with great weight. Thus, take the case of a citizen of Virginia, dying intestate, leaving all his distributees, but one, also citizens of Virginia, and also administration taken out by a citizen of Virginia. The foreign distributee brings his bill in this court against the administrator and co-distributees. This suit is rightly instituted, both in respect to plaintiff and defendants. Must a decree be made. assigning the plaintiff only his share, making no disposition of the remainder? Let us put another case. A citizen of Virginia, mortgages real estate in Virginia, to two or three citizens successively, and then makes a further mortgage to a citizen of another state; the last mortgagee brings his bill in this court, against the mortgagor, and all the prior mortgagees, praying a sale of the subject, and asking that what may remain, after satisfying the previous liens, shall be applied in discharge of his debt. The subject is sold: what shall be done with the proceeds?

We incline to think, that the true principle is this: that all inquiries as to the character of parties in this court, are, in their nature, preliminary; and, that when the court is once satisfied that all the plaintiffs are such, as may properly come into this court, and all the defendants are such, as may properly be brought into this court, it is then competent to make any decree which a state court might make; in a word, that, although this court is limited, as to the persons for whom, and against whom, it may take jurisdiction, yet, when the suit is rightly constituted, as between plaintiffs and defendants, it is not limited in its action on the whole case. And our impression is that the cases may be explained on this principle. Thus, without going into them in detail, take the strongest one,—Dunn v. Clarke, 8 Pet. [33 U. S.] 1. There all the complainants, and all the defendants were citizens of Ohio; but, as it was an injunction to the circuit court of Ohio, the court sustained jurisdiction as against one defendant who was the representative of the plaintiff at law; but declined jurisdiction as to all the other defendants, who had not been parties to the suit at law. Even taking jurisdiction against the one, seems to be, in some degree, a departure from the strict rule, as all the parties were citizens of the same state; but it being necessary so to do, to stay the execution of their own judgment, they did so, whilst, as to the other defendants, this principle not applying, they disclaimed jurisdiction. No case has been found deciding this very point, but there being no case the other way, considering the great inconvenience, nay, mischief, which might result from a contrary course: that it seems rather to be a question of jurisdiction between the parties, than a question of power over them, after jurisdiction vests: that here all the parties are rightly constituted: that in any state court, a decree might be made under the circumstances stated between co-defendants: that the supreme court has said, in [Gassies v. Ballon] 6 Pet. [31 U. S.] 761, that the cases on the question even of jurisdiction as to the parties, have gone as far as it would be proper to go, we incline to think that a decree between co-defendants, though both citizens of Virginia, may be made in this court. The result of these views is, that the motion is overruled.

---

## Case No. 15,845.

### UNITED STATES v. MYERS.

[1 Cranch, C. C. 310.] [1]

Circuit Court, District of Columbia. June Term, 1806.

#### ASSAULT.

It is an assault to double the fist and run it at another, saying, "If you say so again I will knock you down."

[Cited in State v. Painter, 67 Mo. 87.]

Presentment, for an assault on Jane McGrath. The evidence was that the defendant [Samuel Myers] doubled his fist and ran it towards the witness, saying, "If you say so again, I will knock you down."

Mr. Key, for defendant, contended that it was not an assault. The words explain the act, and show the intention not to be to commit a battery. It was like the case of the man putting his hand on his sword, and saying, "If it were not term time or assizes, I would kill you," &c.; and he moved the court to instruct the jury that it was no assault.

Mr. Jones, for the United States.

THE COURT, (nem. con.) refused to give the instruction.

Verdict, "Guilty." Fined five dollars.

---

## Case No. 15,846.

### UNITED STATES v. MYERS et al.

[3 Hughes. 239; 5 Reporter, 364; 24 Int. Rev. Rec. 44; 25 Pittsb. Leg. J. 143.] [2]

Circuit Court, E. D. Virginia. Feb. 7, 1878.

INTERNAL REVENUE — DISTILLERY — ASSESSMENT — TESTIMONY — NEW TRIAL.

1. In a suit by the government on a distiller's bond for the amount of an assessment made by the commissioner of internal revenue under section 3182, Rev. St. U. S., it is competent for the defendant to produce evidence to show the incorrectness of the assessment, and to contradict it, although he has not first appealed to the commissioner of internal revenue against the assessment.

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[2] [Reported by Hon. Robert W. Hughes, District Judge, and here reprinted by permission. 25 Pittsb. Leg. J. 143, and 5 Reporter, 364, contain only partial reports.]